Catron, Ch. J.
delivered the opinion of the court.
1 Can a debt, secured by a negotiable paper, be attached in the hands of a garnishee? This depends upon the answer of the garnishee, which in this state is conclusive of his liability. If he answer that he executed the negotiable note, or bill single, but does not know where it is, or who holds it, he does not state that he is indebted to the debtor of the attaching creditor, and no judg *44 ment can be given against him. But where he does state (as in this instance) that he executed his negotiable bill -single for the debt, and that it has been sued on by his (Creditor, and has no assignment on it, then he is liable to a judgment as garnishee. The court follows in this, the case of Hightower against Smith, decided at Nashville, 1831. (a)
2. Williams’ executors had a judgment against Ho:gan, -as had Mills; Huff owed Hogan, who had sued Huff for the debt in the Claiborne county court, where .the judgments -of Williams and Smith had been obtained. From the return term, of the suit of Hogan ■against Huff, the execution of Williams and Mills issued .against Hogan. No property being found, Huff was summoned as a garnishee, and judgment had against him. He insists that pending the suit, he could not be rendered liable to what in effect was another suit for the same claim. Cro. Eliz. 63, 691, 157, case 232, and Sergeant on Attachments, 69, are relied on to sustain the defence. The early British cases seem to be grounded rather on a jealousy of jurisdiction entertained by the court of king’s bench and common pleas, of the corporation court of the city of London, than on any rule worthy of recognition by our .courts, where no conflict of jurisdiction between inferior ,and superior courts can fur *45 nish a reason for disregarding tbe proceedings of tbe tribunal of inferior grade. The only reason that can claim our respect, is that the debtor shall not be oppressed and harrassed by two suits for tbe same claim at the same time, and especially to protect him from a double satisfaction. Our attachment laws are general in their terms, and cover a debtor against whom a suit is pending as well as another, and if he be exempted from their operation, it must be by construction, grounded on considerations that the legislature could not mean to include a debtor in this situation. It must be a gross case, violating other standing laws that will justify such a construction of a statute. We think with the supreme court of Pennsylvania,, in M’Curly vs. Enblin, 2 Dal. 277, “that on general principles of justice and reason, it would be difficult to satisfy the mind why money should not be attached in the hands of a debtor, as well after as before, the person to whom it is due has sued for it. If justice and reason are not opposed to it, public policy and convenience strongly recommend it. A debtor, by sueing his principal debtors, and hanging up the demands due him in court by delays and appeals, might, and often would delay and defeat the remedy of his creditors, with abundant means of payment in his hands. If the execution cannot be enforced against the debtor of the debtor pending the suit, of course it cannot be after judgment. The garnishee when summoned, appears and states the facts on oath, on which judgment is rendered. This judgment can be pleaded in bar to any judgment in the suit against him by his immediate creditor. The courts will see that justice be administered, so that the conflicting remedies be not abused. In this there can be no difficulty in the present instance. Hogan’s creditor has a judgment against Huff. This has the same force and effect as if Hogan himself had twice sued for the same debt, and had a judgment against Huff subject to be pleaded in bar. The judgment of the garnishee for the amount of the *46 note due Hogan, was therefore proper; but the judgment against Huff for the costs on the garnishment was warranted by neither ]aw nor reason. One set of costs, those in Hogan’s suit, is all the law onerates the garnishee with. Hogan being no party to the proceeding by garnishment, is not chargeable with the costs, which have, in all cases in this court, and generally in the circuit courts, so far as we are informed, been taxed to the plaintiff in the execution. The judgments of the county and circuit courts will be reversed, Huff charged with the debt due Hogan, and the plaintiffs in the executions, respectively, pay the costs.
Judgment reversed.

 Hightower

vs.

Smith.
• Opinion .of the court:
We have examined'With solicitude to see if there was any way of excepting out of the general law relating to garnishments, those, where .the indebtedness arose upon negotiable paper. We are aware of the •hardships that have arisen and that may arise, under a determination that reaches by garnishment such as have given and have outstanding negotiable paper. But there is no way to escape from it. The acts make no exception, and "we can .make none. The remedy for the evil is with the legislature.